# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1262V

| | | |
|---|---|---|
| THOMAS GRANT, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 9, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Zoe Wade*, U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION AWARDING DAMAGES[1]

On September 24, 2020, Thomas Grant filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza ("flu") vaccine he received on October 3, 2018. Petition (ECF No. 1) ("Pet.") at 1.

Petitioner was found entitled to damages in 2021 (ECF No. 23), and then on August 31, 2023, I issued Findings of Fact and Conclusions of Law Regarding Damages, determining therein that Petitioner was entitled to $180,000.00 for pain and suffering, plus $9,475.75 for prior lost wages. *See* Findings of Fact, dated Aug. 31, 2023 (ECF No. 49) ("Initial Damages Ruling"). The

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

parties were unable to resolve several remaining damages components, however, and therefore a Damages Hearing was held on December 18, 2023, in Washington, D.C.

After consideration of all the evidence presented at that hearing, I found that Petitioner was also entitled to (a) $5,473.66 for an additional two years of lost past wages calculated through 2023, and (b) $5,372.71 for future lost wages through 2025. *See* Supplemental Damages Ruling, dated Feb. 9, 2024 (ECF No. 64) ("Supp. Damages Ruling"). The Ruling further awarded costs for *some* disputed items in the parties' competing life care plans. Supp. Damages Ruling at 10–11.

The parties were subsequently directed to file a proffer or stipulation that took into account the amounts set forth in the Initial and Supplemental Damages Rulings. On April 8, 2024, Respondent filed a proffer proposing an award of compensation. (ECF No. 70). I have reviewed the file, and based upon that review I conclude that Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth herein.

The Proffer awards:

- A lump sum payment of $240,210.84, representing compensation for pain and suffering ($180,000.00), total lost earnings as described above ($20,322.12), and life care expenses (including home health aide, lawn services, and home bathroom modifications) expected to be incurred during the first year after judgment ($39,888.72), in the form of a check payable to Petitioner; and

- An amount sufficient to purchase an annuity contract to provide payments for the future care items in the life care plan, as described in the attached Proffer.

Proffer at II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner, in accordance with the forementioned terms. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| THOMAS GRANT,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 20-1262V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S STATUS REPORT REGARDING COMPENSATION
TO BE AWARDED AND FORM OF AWARD**

On February 9, 2024, the Chief Special Master issued a Supplemental Damages Ruling (ECF No. 64), and directed the parties to file a proffer or stipulation to include the amounts set forth in the Court's Findings of Fact and Conclusions of Law Regarding Damages ("Initial Damages Ruling") (ECF No. 49), additional sums awarded in the Supplemental Damages Ruling, plus an amount sufficient to purchase the annuity contract for future care needs.

Respondent submits this Status Report providing the Chief Special Master with a statement of all damages, including those that the parties have agreed upon as well as those decided by the Chief Special Master, in the manner that contains the information needed for the Chief Special Master's damages decision.[1]

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 31, 2023 Findings of Fact and Conclusions of Law Regarding Damages (ECF No. 49) ("Initial Damages Ruling"), and February 9, 2024 Supplemental Damages Ruling (ECF No. 64), respondent submits the following status report regarding

---

[1] Respondent submits this status report on behalf of respondent only.

1

damages.

**I.      Items of Compensation**

    A.      <u>Life Care Items</u>

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, and CLCP, and petitioner engaged Roberta Hurley, to provide an estimation of petitioner's future vaccine-injury-related needs. Life care plans were filed in this case. Agreed-upon life care items, as well as life care items awarded by the Chief Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Thomas Grant," attached to this Status Report as Tab A.[2]

    B.      <u>Lost Earnings</u>

Based upon the evidence of record, petitioner is entitled to an award for lost earnings under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). However, the parties did not agree on the amount of an award. On August 31, 2023, the Chief Special Master awarded $9,475.75 for "lost prior wages." Initial Damages Ruling, at 2 (ECF No. 49). On February 9, 2024, the Chief Special Master awarded "$5,473.66 for additional two years of lost past wages through 2023, plus $5,372.71 for future lost wages through 2025." Supplemental Damages Ruling, at 2 (ECF No. 64). The award for future lost earnings reflects the application of a 1.25% net discount rate. Supplemental Damages Ruling, at 10 (ECF No. 64). The total award for lost earnings is $20,322.12.

---

[2] The chart at Tab A illustrates respondent's position on annual amounts for life care items and, pursuant to the Chief Special Master's Supplemental Damages Ruling, includes the Chief Special Master's award of the following life care items: home health aide from the date of judgment through the remainder of petitioner's life; lawn services from the date of judgment through the remainder of petitioner's life; and home bathroom modifications in an initial lump sum. (Please see footnote 3 on award for home bathroom modifications.) Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

     C.     <u>Pain and Suffering</u>

Based upon the evidence of record, petitioner is entitled to an award for pain and suffering under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). However, the parties did not agree on the amount of an award. On August 31, 2023, the Chief Special Master awarded $180,000.00 for pain and suffering. Initial Damages Ruling, at 2 (ECF No. 49).

## II.  Form of the Award

Respondent requests that compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Chief Special Master's Decision on Damages and the Court's judgment award the following[3]:

     A. A lump sum payment of $240,210.84, representing compensation for life care expenses (including home health aide, lawn services, and home bathroom modifications[4] awarded by the Chief Special Master) expected to be incurred during the first year after judgment ($39,888.72), lost earnings ($20,322.12), and pain and suffering ($180,000.00), in the form of a check payable to petitioner.

     B. An amount sufficient to purchase an annuity contract,[5] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[4] Respondent believes the award for home bathroom modifications should be $15,300.00, as recommended in the Fox Supplemental Report at page 5, referenced in the Supplemental Damages Ruling at 11. It is assumed that $15,330.00 in the Supplemental Damages Ruling was a typographical error and has been corrected accordingly.

[5] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

3

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[6] from which the annuity will be purchased.[7] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Thomas Grant, only so long as Thomas Grant is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent recommends that a four percent (4%) growth rate should be applied to all non- medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through

---

[6] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[7] Petitioner will be required to authorize the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

  2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Thomas Grant, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Thomas Grant's death.

  3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

  **A.** Lump Sum paid to petitioner, Thomas Grant:  **$240,210.84**
  **B.** An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/<u>*Zoë R. Wade*</u>  
ZOË R. WADE  
Trial Attorney  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, D.C. 20044-0146  
Tel: (202) 598-7696  
Email: zoe.wade@usdoj.gov

DATED:  April 8, 2024

**Corrected Appendix A: Items of Compensation for Thomas Grant**    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2024 | 2025-Life |
| Prescritopn Medications | 5% | * | | | |
| Neurologist | 5% | * | | | |
| Primary Care | 5% | * | | | |
| Urology/Nephrologist | 5% | * | | | |
| Physical Therapy | 4% | * | | | |
| Occupational Therapy | 4% | * | | | |
| Home Health Aide | 4% | | M | 19,760.00 | 19,760.00 |
| Lightweight Electric WC | 4% | * | | | |
| Wheechair | 4% | * | | | |
| Walker | 4% | | | 146.16 | 29.23 |
| Adjustable Cane | 4% | | | 25.49 | 5.10 |
| Cane Tips | 4% | | | 12.99 | 12.99 |
| Lift Chair | 4% | * | | 812.00 | |
| Lawn Services | 4% | | | 3,832.08 | 3,832.08 |
| Home Bathroom Modification | 4% | | | 15,300.00 | |
| Corrected Lost Earnings | | | | 20,322.12 | |
| Pain and Suffering | | | | 180,000.00 | |
| Annual Totals | | | | 240,210.84 | 23,639.40 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for
Yr 1 life care expenses ($39,888.72), lost earnings ($20,322.12), and pain and suffering ($180,000.00): $240,210.84.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.