# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1262V

| | | |
|---|---|---|
| THOMAS GRANT, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  May 28, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Zoë Wade*, U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 24, 2020, Thomas Grant filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza ("flu") vaccine he received on October 3, 2018. Petition (ECF No. 1) ("Pet.") at 1.

Petitioner was found entitled to damages in 2021 (ECF No. 23), and then on August 31, 2023, I issued a preliminary ruling regarding some damages issues. *See* Findings of Fact, dated Aug. 31, 2023 (ECF No. 49) ("Initial Damages Ruling"). Remaining damages were resolved after a short hearing, and a final award of compensation has issued. Decision, dated Apr. 9, 2024 (ECF No. 71).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 6, 2024 (ECF No. 76) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $87,145.51 (reflecting $77,433.00 in fees, plus $9,712.51 in costs) for the work of his attorneys, David Carney, Adam Green, and a law clerk and paralegal at Green & Schafle LLC, as well as his previous attorney Kate Westad and a paralegal at SiebenCarey, P.A., all incurred during the pendency of this matter. Respondent reacted to the final fees request on May 22, 2024. Response, dated May 22, 2024 (ECF No. 77) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $87,145.51.

I.   **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|
| **David Carney (Attorney)** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 |
| **Adam Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 | -- |
| **Evan Baker (Attorney)** | -- | -- | -- | -- | $200.00 | -- |

2

| | | | | | | |
|---|---|---|---|---|---|---|
| **Law Clerk at Green & Schafle LLC** | -- | -- | $150.00 | $157.50 | $165.00 | -- |
| **Kate G. Westad (Attorney)** | $350.00 | $350.00 | -- | -- | -- | -- |
| **Paralegal at Green & Schafle LLC** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 | -- |
| **Paralegal at SiebenCarey, P.A.** | -- | $125.00 | -- | -- | -- | |

Mot. at 16–40, 71.

Ms. Westad (the sole attorney at SiebenCarey to work on this matter) practices in Minneapolis, Minnesota—a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*, and thereafter embraced by the Office of Special Masters' fee schedule.[3] *See Dahl v. Sec'y of Health & Hum. Servs.*, No. 13-98V, 2018 WL 6818741, at *4–6 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). I also deem the time she devoted to the matter reasonable, and will therefore award it without adjustment.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania—a jurisdiction that has also been considered "in forum," meaning they too should receive *McCulloch* rates. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The specific hourly rates requested for the attorneys in question, plus their paralegals and law clerks, are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *Brewer v. Sec'y of Health & Hum. Servs.*, No. 20-1864V, 2024 WL 1639126, at *3 (Fed. Cl. Spec. Mstr. Mar. 20, 2024). I thus find no cause to reduce them in this instance. And the time spent on the matter by these attorneys or paralegals was reasonable.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited May 28, 2024).

3

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $9,712.51 in outstanding costs, including the filing fee, medical record retrieval costs, plus costs associated with the work of treating physician, Linda Esquivel, M.D., and life care planner Roberta Hurley. Mot. at 3, 60, 63–66. Dr. Esquivel prepared three narrative reports in this case and submitted an invoice reflecting a total amount of $579.91.[4] Ms. Hurley prepared a life care plan accompanied by three written reports, and testified in this matter. She received a retainer of $1,500.00, and submitted an invoice reflecting a total of $4,850.00 (billing at an hourly rate of $150.00) charged to the matter. Mot. at 63–65. These sums are reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$87,145.51**, reflecting (a) $1,997.50 in attorney's fees in the forum of a check made jointly payable to Petitioner and Petitioner's previous counsel, Kate Westad of SiebenCarey, PA., and (b) $85,148.01 in attorney's fees and costs, in the forum of a check made jointly payable to Petitioner and Petitioner's counsel of record, David Carney of Green & Schafle, LLC.

In the absence of a motion for review filed pursuant to RFCF Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] The submitted invoice for Dr. Esquivel does not provide a breakdown of the number of hours worked and at what hourly rate, but instead simply provides a flat rate for her letter writing, written communication, and certified letter fee. Mot. at 60.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.